## Edward F. Angell and Isaac W. Higgs v. Nathan Jewett.

1. EQUITY JURISDICTION—*Deeds may be Shown to be Mortgages.*— In a court of equity an absolute deed may be shown to be a mere mortgage, or if not prevented by the statute of frauds, may be shown to have been given only in trust. .

2. SAME—*General Powers.*—A court of equity always aims by its decrees and orders to do equity. He who seeks equity must do equity.

3. TRUSTEES—*Can Not Add to the Trust.*—A trustee is not entitled to add to the trust that which neither the donor nor the *cestui que trust* directs or assents to; he can not insist upon holding property intrusted to him, until indebtedness in no way connected with the trust is paid.

**Bill to Compel a Reconveyance of Letters Patent.**—Appeal from the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard at the March term of this court, 1895. Affirmed. Opinion filed May 16, 1895.

### STATEMENT OF THE CASE.

This was a bill in chancery to compel the reconveyance of certain United States Letters Patent from the defendants to the complainant. On hearing, the prayer of the bill was allowed.

Four defenses were interposed, viz:

"First. The complainant was without equity, because the patents were conveyed to defendants by him for the purpose of hindering and delaying one of his judgment creditors.

Second. An executed instrument under seal, which recites proper consideration, can not be impeached by showing want of consideration.

Third. The complainant has no standing in court even on his own contention, that the patents were assigned in part execution of contract between the defendants and himself, because the evidence shows that such contract failed of consummation solely through the fault of the complainant.

Fourth. The court in any possible event should have decreed this reconveyance only on equitable terms."

Geo. A. Dupuy, attorney for appellants.

Myron H. Beach, attorney for appellee.

Mr. Presiding Justice Waterman delivered the opinion of the Court.

As to the first and third contentions of appellants it is sufficient to say that the Circuit Court found the issues upon the facts for the complainant, and that with such finding we see no reason for interfering.

As to the second contention:

This is a proceeding in a court of equity, wherein absolute deeds may be shown to be mere mortgages, or may be shown, if not prevented by the statute of frauds, to have been given only in trust. The bill is not one to set aside deeds for a mere want of consideration.

As to the fourth contention, it is unquestionably the rule that a court of equity always aims by its decrees and orders to do equity; appellant was and is entitled to have all his equitable rights considered and respected in the decree. He who seeks equity must do equity.

Appellee is indebted to appellants, and they insist that he should be required to pay this as a condition of a re-assignment of the patents. They state that there was no consideration for the assignment of the patents to them; they do not show that upon the strength of such assignments, or because thereof they have done or suffered anything; in other words appellants obtained these patents without consideration at the beginning and so hold now. We do not

regard the mere facts that appellee was owing appellants when these assignments were made, and that such indebtedness is yet unpaid, as giving to them an equitable claim upon these patents, in the face of the undisputed fact that nothing has ever been given, done, suffered or promised by appellants in consequence of the assignment, save the bare placing of the assignments upon record.

A trustee is not entitled to add to the trust that which neither the donor nor the *cestui que trust* directs or assents to; he can not insist upon holding property intrusted to him until indebtedness in no way connected with the trust is paid.

We do not deem it necessary to say anything concerning the proper method of enforcing obedience to the decree of the court below.

The decree of the Circuit Court is affirmed.